FILED

August 18 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0610

DA 14-0610

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2015 MT 249N

IN THE MATTER OF:

K.A.,

A Youth in Need of Care.

APPEAL FROM: District Court of the Twelfth Judicial District,
In and For the County of Chouteau, Cause No. DN-13-05
Honorable Daniel Boucher, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Meri Althauser, Montana Legal Justice, PLLC; Missoula, Montana

For Appellee:

Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General; Helena, Montana

Stephen A. Gannon, Chouteau County Attorney; Fort Benton, Montana

Submitted on Briefs: July 22, 2015
Decided: August 18, 2015

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Birth mother, A.A. (Mother), appeals the order of the Twelfth Judicial District Court, Chouteau County, terminating her parental rights to K.A., born February 2002. We affirm.

¶3     K.A. has two reported putative fathers, J.A. and D.L. J.A. died in 2011. D.L. was served by publication in April 2014, to which he never responded, and the Department of Public Health and Human Services (DPHHS) was unable to locate him. Only Mother's parental rights are at issue in this appeal.

¶4     On March 4, 2013, DPHHS filed a petition for emergency protective services, adjudication as a youth in need of care, and temporary legal custody of K.A. The petition noted that Mother previously had her parental rights terminated for five other children. It outlined multiple reports to DPHHS of Mother leaving K.A. unattended for long periods of time, taking K.A. into bars, and three prior incidents of emergency removal by DPHHS due to Mother's alcohol and drug abuse. The petition was filed after an incident of domestic abuse on the evening of February 25, 2013, when an argument broke out between Mother and K.A. Mother, who was intoxicated, struck K.A. multiple times, giving him a bloody nose. Mother began throwing furniture and breaking dishes. After

2

getting away from Mother, K.A. ran nearly 10 blocks to the Chouteau County Sheriff's Office, in below-freezing temperatures, while wearing only one shoe. K.A. was placed into care, and Mother was arrested and placed in the Chouteau County Detention Facility.

¶5 On March 15, 2013, Thomas J. Schoenleben of the Office of the Public Defender (OPD) filed a notice of appearance as counsel for Mother. On the same day, attorney Allen Lanning was appointed by OPD to represent K.A. The District Court held a hearing on May 7, 2013, to adjudicate the status of K.A. as a youth in need of care. Child Protection Specialist (CPS) Sarah White testified for DPHHS. K.A. was previously under the care of DPHHS from June to October 2012. CPS White testified that, at the time of the hearing, K.A.'s therapist did not think visitation was appropriate between Mother and K.A. K.A. was adjudicated a youth in need of care (YINC) on May 14, 2013.

¶6 On June 4, 2013, Mother signed a court-approved treatment plan, which focused primarily on addressing her substance abuse issues. Mother's plan required a chemical dependency evaluation, random urinalysis tests and drug screens, abstention from all drugs and alcohol, a mental health assessment, and an anger-management course. Mother was required to follow any treatment recommendations of her counselor and therapist.

¶7 In August 2013, Mother was charged with criminal possession of dangerous drugs, a felony, in Hill County. Between January 2013 and August 2014, Mother was incarcerated eight different times in the Hill County Jail on charges including drug possession, traffic-related offenses, violating conditions of release, and partner or family

3

member assault. Mother spent over 103 days incarcerated between January 2013 and August 2014.

¶8 On August 5, 2014, the District Court held a hearing on the termination of Mother's parental rights. Mother was represented by Kaydee N. Snipes, who was appointed by OPD to replace Schoenleben. Mother appeared at the hearing in person, but at the time was residing at the Hill County Jail on charges of driving on a revoked driver's license and violating conditions of release.

¶9 CPS Audree Kilby testified at the termination hearing for DPHHS. Mother completed her mental health assessment on April 3, 2014, and CPS Kilby testified that Mother did not follow up with her counselor's recommendations. Mother completed her chemical dependency evaluation on June 16, 2014; however, CPS Kilby testified that she did not complete the recommended treatment. Mother also did not enroll in the required anger-management course. As of the August 5, 2014 hearing, Mother had not completed a drug test since May 2014. Lanning, K.A.'s attorney, reported that K.A. did not want to be returned to Mother's care.

¶10 At the conclusion of the August 5, 2014 hearing, the District Court found as the basis for the termination that Mother had not successfully completed her treatment plan, and her behavior making her unfit to parent was unlikely to change within a reasonable time, citing § 41-3-609(1)(f), MCA. On August 21, 2014, the District Court issued its findings of fact and conclusions of law, which terminated Mother's parental rights to K.A. Mother appeals the order terminating her parental rights to this Court, arguing that her counsel provided ineffective assistance.

4

¶11 "[P]arents have a due process right to effective assistance of counsel in termination proceedings." *In re A.S.*, 2004 MT 62, ¶ 20, 320 Mont. 268, 87 P.3d 408. Whether a person has been denied his or her right to due process is a question of constitutional law, and our review of questions of constitutional law is plenary. *In re A.S.*, ¶ 9. When determining whether a parent's counsel was ineffective in a termination of parental rights proceeding, this Court reviews a trial counsel's (1) training and experience, and (2) advocacy skills. *In re B.M.*, 2010 MT 114, ¶ 22, 356 Mont. 327, 233 P.3d 338. However, trial counsel's ineffective assistance will only warrant reversal if the parent suffered prejudice. *In re B.M.*, ¶ 22.

¶12 We review a district court's decision to terminate parental rights for an abuse of discretion. *In re B.M.*, ¶ 14. We will not disturb a district court's decision on appeal unless there is a finding of fact that is not supported by substantial evidence that would amount to a clear abuse of discretion, or there is a mistake of law. *In re D.B.*, 2012 MT 231, ¶ 17, 366 Mont. 392, 288 P.3d 160. A court may terminate parental rights if a child has been adjudicated a youth in need of care, and "(i) an appropriate treatment plan that has been approved by the court has not been complied with by the parents or has not been successful; and (ii) the conduct or condition of the parents rendering them unfit is unlikely to change within a reasonable time." Section 41-3-609(1)(f), MCA. A court-ordered termination of parental rights must be based on clear and convincing evidence. Section 41-3-609(1), MCA.

¶13 Mother argues that she was denied effective assistance of counsel at both the YINC adjudication hearing on May 7, 2013, and the termination hearing on August 5,

2014. Mother asserts that Schoenleben did not demonstrate proper training or experience at the YINC adjudication hearing by not objecting to hearsay statements, allowing admission of letters and reports that lacked proper foundation, and allowing admission of other irrelevant material. Schoenleben also did not respond to two requests for admission regarding Mother's prior terminations of parental rights. Snipes was unaware of the requests for admission, and therefore the District Court admitted evidence of Mother's prior terminations at the August 5, 2014 termination hearing. Neither attorney called witnesses to testify on Mother's behalf at either the YINC adjudication hearing or the termination hearing. According to Mother, these failures by counsel prejudiced her and resulted in the termination of her parental rights. Mother asks this Court to reverse the termination or to remand for an evidentiary hearing on her claim of ineffective assistance of counsel.

¶14 Although Mother's counsel may have missed opportunities to object to unfavorable evidence or to present favorable testimony for Mother, substantial evidence was presented that Mother did not successfully complete the June 4, 2013 treatment plan. Mother did not pursue the recommended treatment after her mental health assessment or her chemical dependency evaluation, she did not attend anger-management classes, and she did not submit to regular drug testing. The District Court found that Mother's history of domestic violence, multiple criminal charges, and multiple incarcerations demonstrated that her behavior was unlikely to change in a reasonable time. Furthermore, the District Court's order acknowledged that "K.A. has expressed he is afraid to return to his mother's care as he is still scared of her." Based on these facts,

6

Mother has not demonstrated that she was prejudiced by her counsel's alleged ineffective assistance, and therefore we will not reverse the termination or remand for a hearing on the issue.

¶15 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. Having reviewed the briefs and the record on appeal, we conclude that the Appellant has not met her burden of persuasion. Affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT
/S/ JIM RICE